## Commonwealth ex rel. Claypool v. Parks Township Municipal Authority

*D. Dale Claypool,* for relator.

*Joseph A. Nickleach,* for respondents.

GRAFF, J., May 22, 1972.—This quo warranto proceeding was instituted to challenge the right of John Logero and Robert Walker to act as members of the Parks Township Municipal Authority. A stipulation of facts was filed by counsel upon each side which is not entirely clear in some respects. The Supervisors of Parks Township had previously established a municipal authority acting under Act of Assembly authorizing such and exercising its powers to do so particularly under section 1 of the Municipal Authorities Act of May 2, 1945, P.L. 382, as amended, July 31, 1963, P.L. 431, 53 PS §309. John Logero and Raymond Salsgiver were appointed members of the municipal authority and in December 1971, their terms of office were about to expire. The Board of Supervisors of Parks Township, at a meeting held December 22, 1971, appointed Benjamin Zanolli and James Kettering to fill the vacancies resulting from the expiration of the terms of Logero and Salsgiver. A new board of super-

visors took office upon January 3, 1972, and this board appointed John Logero and Robert Walker to fill the vacancies caused by the expiration of the terms of Logero and Salsgiver. At the organizational meeting of the municipal authority on January 25, 1972, the board seated John Logero and Robert Walker and refused to recognize the appointment of December 22, 1971, of Zanolli and Kettering as members of the board. Section 309, inter alia, provides as follows:

"The governing body of such municipality shall appoint the members of the board, whose terms of office shall commence on the date of appointment. One member shall serve for one year, one for two years, one for three years, one for four years and one for five years from the January first next succeeding the date of incorporation or amendment, and if there are more than five members of the board, their terms shall be staggered in a similar manner for terms of from one to five years from the January first next succeeding. Thereafter whenever a vacancy has occurred or is about to occur by reason of the expiration of the term of any member, the said governing body shall appoint a member of the board for a term of five years from the date of expiration of the prior term to succeed the member whose term has expired or is about to expire."

This section provides that the terms of office shall commence the January first next succeeding the date of the incorporation or amendment for a period of one year or ranging to five years. This section further provides that, in the event of the expiration of a five-year term, the term of the succeeding member shall date from the expiration of the prior term. The question now arises as to what is the date of expiration of the term of every appointee made by the board of super-

visors. Petitioner contends that the expiration date is December 31, 1971, and respondents contend that the expiration date is January 25, 1972, being the date of the annual organization of the board of the municipal authority. Respondents contend that the word "shall" used in section 309 is directory only and evidently contend that the board of the municipal authority has a right to fix the date of expiration as being that of January 25th upon the date of its reorganization. The argument of the respondent is ingenious but we must conclude it is ineffective. In a similar case of Commonwealth ex rel. Starner v. Minninger, 35 D. & C. 2d 698, President Judge Forrest, of Montgomery County, concluded that the terms of office of the members of a municipality made under authority of the Act of Assembly ended upon December 31st. This is in accordance with the strict meaning of the words contained in section 309. We agree with this construction. The wording of the provisions of the act are plain and this construction must prevail. The appointment made by the former board of supervisors upon December 22, 1971, was in effect upon December 31, 1971, when the vacancy actually occurred. The new board of supervisors did not take office until January 3, 1972, and, at this time, the previous appointment was in effect to fill the vacancies which had already occurred. We realize that the appointment by the former board of supervisors was lame duck in character but such appointments have been held legal even though they may be termed ill-advised. We, therefore, conclude that the quo warranto proceeding must be sustained and that James Kettering and Benjamin Zanolli must be recognized as legal members of the Municipal Authority of Parks Township and the appointment of John Logero and Robert Walker is void and of no effect.

## ORDER

And now, May 22, 1972, after due consideration, it is decreed that the appointment of John Logero and Robert L. Walker as members of the Municipal Authority of Parks Township is void and of no effect and that the appointment of Benjamin Zanolli and James Kettering is valid and said persons are legally members of the Parks Township Municipal Authority board.